# Brown v. Brown.

May 5, 1939.

MARCUS C. REDWINE for appellant.
THOMAS A. WALLER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

This is a divorce action filed in the Clark circuit court by appellant and plaintiff below, Marietta Brown, against appellee and defendant below, Duard Brown. As grounds for the relief sought plaintiff alleged that defendant had for six months next before their separation (occurring shortly before the filing of the petition) "behaved toward her in such a cruel and inhuman manner as to indicate an outrageous temper in him, and a settled aversion to her; that the cruel and inhuman treatment which the defendant had heaped upon plaintiff had become so unbearable that she was required to and did have to leave and return to her father's

home." No other ground was relied on. She further alleged that as a result of the union David Thomas Brown was born and he was only eight weeks old at the time of the filing of the petition, which was on October 1, 1938.

Defendant filed a demurrer to the petition, and without waiving it—and, of course, without any ruling of the court thereon—he filed answer, followed by plaintiff giving notice and entering motion, in vacation, for a pendente lite allowance for herself and infant child, which the court sustained by an order also made in vacation; but at a later regular term of the court that motion was set aside and the court at the same time sustained defendant's demurrer filed to plaintiff's petition and dismissed it upon her refusal to plead further. After that order was made the judgment appealed from continues with this: "Came the plaintiff and filed a motion to withdraw so much of her petition and prayer as seeks a divorce, and the Court considering said motion, allowed said withdrawal. Came the plaintiff and tendered a verified motion for an allowance pendente lite and to permit her to introduce proof to show that she is entitled to support and maintenance pending this action, and the Court overruled said motion, for the reason that the Court had theretofore sustained a demurrer to the plaintiff's petition and had ordered the said petition dismissed upon the plaintiff's declining to plead further, to all of which rulings of the Court the plaintiff excepts, and prays an appeal to the Court of Appeals which is granted."

The statement of appellant, required by Section 739 of the Civil Code of Practice, says: "The judgment appealed from was rendered by the Clark circuit court at its December Term 1938, and will be found on pages 21 and 22 of the record." But in brief of counsel for appellant it is said that the appeal is from that part of the order or judgment overruling plaintiff's motion for alimony pendente lite, and introducing proof thereon, which the judgment recites was so entered because the court had previously dismissed plaintiff's petition, which dismissing order was made in the same judgment; but the required Code statement is not so confined. It will be perceived that the court declined to entertain the motion for pendente lite allowance to plaintiff solely upon the ground that the petition had theretofore been dismissed, notwithstanding the court, following such

dismissal, permitted plaintiff to withdraw her prayer for an absolute divorce and to prosecute her action as one for the recovery of alimony exclusively. Strictly accurate practice would dictate that plaintiff's motion to continue her case as one solely to recover alimony, and to abandon her effort to obtain an absolute divorce, should have followed a preceding one to set aside the order dismissing her petition from which she prayed and was granted an appeal to this court. But, since all of the rulings of the court were made at the same sitting and were contained in one order, the failure to first move for the setting aside of the order of dismissal of the petition should not be treated as fatal to plaintiff's right to continue the prosecution of her action as one to recover alimony only, but which the court necessarily so concluded by sustaining that motion. Under that view the judgment appealed from should be treated as if made in an action originally brought for the sole purpose of recovering alimony, unaccompanied with any prayer for an absolute divorce. From the same viewpoint the court was clearly in error in denying plaintiff the right to introduce proof on the question of pendente lite allowance for herself and infant child, unless the petition was insufficient to grant such relief.

It is insisted by counsel for appellee that it was insufficient for that purpose in that it did not allege that plaintiff was not guilty of like fault charged against her husband as grounds supporting her petition, and he cites the case of Simms v. Simms, 74 S. W. 1074, 25 Ky. Law Rep. 303, in support thereof. That case apparently holds that such a negative allegation is required to be made by the wife in bringing either a divorce or alimony action based upon certain grounds contained in the statute. However, the opinion is couched in qualified terms. It says: "She [plaintiff therein] failed to allege that such abandonment of her was without her fault, or that he was in fault; nor did she use in her petition any language importing that he left her without excuse, or that she was not in fault."

In this case the petition alleged that defendant *was* in fault in bringing about and producing the grounds of cruelty relied on. Furthermore, that his treatment of her was unbearable and forced her to leave him, although "She has done her best to make a faithful wife," which, if true, left her husband without excuse, and plaintiff without fault on her part. We,

therefore, conclude that, under the language employed in the Simms opinion, the petition in this case was sufficient, even for the obtention of an absolute divorce and, of course, it follows that it was sufficient to entitle the wife to maintain the action solely for the purpose of the recovery of alimony. The court, therefore, erred in declining to hear evidence on behalf of plaintiff in support of her motion for alimony pendente lite, and also erred in sustaining defendant's demurrer to the petition, and in dismissing it.

Wherefore, the judgment is reversed, with directions to set it aside, and to overrule the demurrer to the petition and for other proceedings consistent with this opinion.